IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| RYAN HART, an individual,<br><br>                     Plaintiff,<br>vs.<br><br>CONNECTED WIRELESS, INC., a Utah Corporation<br><br>                     Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT<br><br>CASE NO. 2:17-CV-186 TS<br>Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Default Judgment for Failure to Appear or Appoint Counsel. For the following reasons, the Court will deny Plaintiff's Motion.

I.       BACKGROUND

Plaintiff Ryan Hart filed this action on January 17, 2017, in the Fourth Judicial District Court of Utah asserting violations of sections of the Americans with Disabilities Act and the Utah Antidiscrimination Act. On March 14, 2017, the case was removed to this Court. Defendant filed an Answer to the Complaint and the parties attended a settlement conference on January 18, 2018, but no settlement was reached.

On March 14, 2018, Defendant's counsel filed a motion to withdraw. The Court granted the motion the next day and ordered Defendant to "file a notice of appearance within twenty-one (21) days after entry of the order, unless otherwise ordered by the Court."[1] The March 15 Order further stated that the failure to file a Notice of Substitution of Counsel or Notice of Appearance

---

[1] Docket No. 27, at 1.

1

may result in an issuance of "sanctions pursuant to Federal Rules of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[2]

Defendant failed to comply with the Court's Order within the time set out in the March 15 Order. On May 8, 2018, Plaintiff filed the Motion now before the Court for entry of default on the basis that Defendant "failed to retain new counsel, failed to direct new counsel to make an appearance, and/or failed to take any action to defend against this lawsuit."[3] On May 23, 2018, Defendant filed two Notices of Appearance, but has not responded to Plaintiff's Motion.

## II. DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure provides that default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." However, Defendant has filed an Answer, attended the settlement conference, and otherwise participated in the earlier stages of the litigation proceedings. The Court, therefore, declines to grant default under Rule 55(a). However, as referenced in the March 15 Order, default judgment may be entered as a sanction against Defendant for its failure to comply with the Court's orders.

Federal Rule of Civil Procedure 16(f)(1)(c) provides that "the court may issue any just orders, including those authorized by rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a . . . pretrial order." Rule 37(b)(2)(A) allows for the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or

---

[2] *Id.*

[3] Docket No. 28, at 4.

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[4]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[5] When determining if default judgment is the proper sanction, the Court considers the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that [default] would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[6] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default] an appropriate sanction."[7]

Considering these factors, the Court finds that entering default judgment is not appropriate at this time. Plaintiff has not alleged any prejudice, Defendant has filed a notice of appearance, and none of the remaining factors weigh strongly in favor of denying the parties the opportunity to resolve the case on its merits.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Default Judgment for Failure to Appear or Appoint Counsel (Docket No. 28) is DENIED. The parties are instructed to submit a proposed

---

[4] Fed. R. Civ. P. 37(b)(2)(A).

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.3d 1394, 1396 (10th Cir. 1988)).

[6] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks and citations omitted).

[7] *Id.* (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

Scheduling Order within fourteen (14) days of this Order.

DATED this 6th day of June, 2018.

BY THE COURT:

_____
Judge Ted Stewart