IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RYAN HART,<br><br>                        Plaintiff,<br><br>v.<br><br>CONNECTED WIRELESS, INC., a Utah corporation; SPRINTCOM, INC., a foreign corporation; SPRINT CORPORATION, a Kansas corporation; and DOES 1–10, unknown individuals and or legal entities,<br><br>                        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING EMERGENCY MOTION TO STAY<br><br><br>Case No. 2:17-CV-186 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Sprint Solutions, Inc.'s ("Sprint") Emergency Motion to Stay.[1] Sprint has also filed an Emergency Motion to Vacate Trial, Reopen Discovery, and Extend Time for Filing Dispositive Motion. Plaintiff opposes both Motions. For the reasons discussed below, the Court will grant the Motion to Stay and vacate the trial. Because the Court will stay this action, it need not address the other arguments raised in the Motion to Vacate Trial and Plaintiff's response thereto, and that Motion will be denied as moot. The Court will address whether it is appropriate to reopen discovery and extend the dispositive motion deadline once the stay is lifted.

I.  BACKGROUND

Plaintiff initially filed this action against his former employer, Connected Wireless, Inc. ("Connected Wireless"). Plaintiff filed an Amended Complaint on August 2, 2018, adding

---

[1] Plaintiff's Amended Complaint improperly names Sprint as Sprintcom, Inc. and Sprint Corporation.

1

Defendant Sprint. Plaintiff alleges that Connected Wireless is an agent of Sprint and thus Sprint is vicariously liable for Connected Wireless' actions.

On February 12, 2019, Connected Wireless provided notice that it filed for bankruptcy. Pursuant to 11 U.S.C. § 362(a)(1), this case is automatically stayed as against Connected Wireless. Sprint now brings this Motion, requesting this case be stayed with respect to both Defendants until the bankruptcy of Connected Wireless is revolved or the bankruptcy court lifts the automatic stay.

## II. DISCUSSION

The automatic stay prevents the continuation of judicial proceedings "against the debtor."[2] As a general rule, "the stay provision does not extend to solvent codefendants of the debtor."[3] However, there is a narrow exception to this general rule "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."[4] "An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case."[5]

Here, Sprint argues that it is entitled to indemnification from Connected Wireless under the terms of the Authorized Representative Agreement between the parties. "As a result, if there

---

[2] 11 U.S.C. § 362(a)(1).

[3] *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994).

[4] *Id.* (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

[5] *A.H. Robins Co.*, 788 F.2d at 999.

2

is a judgment against Sprint in this case, it effectively becomes a judgment against Connected Wireless and becomes a claim on its bankruptcy estate."[6] Plaintiff offers nothing to dispute this characterization. Without formally deciding whether Sprint's interpretation of that agreement is correct, allowing a continuation of this action may adversely affect the bankruptcy proceeding and the assets of Connected Wireless' estate. Therefore, extension of the automatic stay is appropriate here.

Moreover, regardless of the application of the automatic stay, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[7] The Court considers the following factors to determine whether to grant a stay: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[8]

Considering these factors, the Court finds that a stay is warranted. First, a stay would promote judicial economy. Plaintiff's claims against Sprint are largely dependent on establishing liability against Connected Wireless. Without Connected Wireless' participation, Plaintiff's ability to move forward is difficult, if not impossible. It makes little sense to determine whether Sprint may be vicariously liable without first determining Connected Wireless' liability. Plaintiff argues that liability could be found against Sprint independent of any liability against Connected Wireless. While this may be true in many instances, Plaintiff

---

[6] Docket No. 58, at 4.

[7] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[8] *Evergreen Holdings, Inc. v. Sequoia Glob., Inc.*, No. CIV–09–776–F, 2008 WL 4723008, at *2 (W.D. Okla. 2008).

fails to explain how this is the case here. Further, without a stay the Court and the parties will be forced to litigate the same issues in two separate trials. This is not an efficient use of resources. Thus, a stay will help promote judicial economy. A stay would also avoid confusion and inconsistent results for substantially the same reasons. Finally, there is no evidence that a stay would unduly prejudice Plaintiff, nor would it create an undue hardship. Rather, a stay would protect the parties' interests while promoting the efficient resolution of this case. Therefore, the Court will grant the Motion to Stay.

### III.  CONCLUSION

It is therefore

ORDERED that Sprint's Emergency Motion to Stay (Docket No. 58) is GRANTED. This case is stayed until the bankruptcy of Connected Wireless is resolved or the bankruptcy court lifts the automatic stay. It is further

ORDERED that Sprint's Emergency Motion to Vacate Trial, Reopen Discovery, and Extend Time for Filing Dispositive Motion (Docket No. 60) is DENIED AS MOOT. It is further

ORDERED that the above-captioned case be administratively closed and removed from the list of active pending cases. This case may be reopened upon motion by any party.

The trial and final pretrial conference dates are STRICKEN.

DATED this 22nd day of February, 2019.

BY THE COURT:

Ted Stewart
United States District Judge