IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RYAN HART,<br><br>    Plaintiff,<br><br>v.<br><br>CONNECTED WIRELESS, INC, et al.<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DIRECTING DEFENDANT TO APPOINT COUNSEL<br><br><br>Case No. 2:17-CV-186 TS<br><br>District Judge Ted Stewart |

   This matter comes before the Court on Plaintiff's motion to require Defendant Connected Wireless, Inc. ("Connected Wireless") to appoint new counsel ("Motion"). For the reasons discussed below, the Court will grant the Motion.

   On May 28, 2019, Connected Wireless' counsel—Mr. James Harward and Mr. W. Earl Webster—filed motions with this Court to withdraw.[1] These motions explicitly acknowledged that

> [i]n the event this motion is granted, Client or new counsel for Client must file a notice of appearance within twenty-one (21) days after entry of the order, unless otherwise ordered by the court. Pursuant to DUCivR 83-1.3, no corporation, association, partnership, limited liability company or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court.[2]

The motions further indicated that they were made with the client's consent, as manifest by the signature of Connected Wireless President, Anthony Morrison, dated May 24, 2019.[3] On June

---

[1] Docket Nos. 64 & 65.

[2] Docket Nos. 64, at 2 & 65, at 2.

[3] Docket Nos. 64-1, at 1 & 65-1, at 1.

10, 2019, the Court granted the motions, ordering Connected Wireless to "file a Notice of Appearance" and warning that "[a]ny party who fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above, may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[4] As of September 24, 2019—107 days after the Court Order—Connected Wireless has yet to meet the above requirements or respond to the Court in any way. As noted multiple times above, DUCivR 83-1.3 plainly requires that corporations be represented by counsel when appearing before this Court. There are several motions pending before the Court in this case, and it is critical that Connected Wireless obtain and present its counsel for representation.

It is therefore

ORDERED that Defendant Connected Wireless appoint counsel to represent it in this matter within fifteen (15) days of the issuance of this Order. If Connected Wireless fails to meet this deadline, the Court may impose sanctions including but not limited to dismissal or default judgment.

DATED this 24rd day of September 2019.

BY THE COURT:

Ted Stewart
United States District Judge

---

[4] Docket No. 66, at p.1.