IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RYAN HART,<br><br>      Plaintiff,<br><br>v.<br><br>CONNECTED WIRELESS, INC. et al.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17-CV-186-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on three competing motions—Plaintiff Mr. Ryan Hart's ("Plaintiff") Motion to Reopen Case, Defendant Sprint Solutions, Inc.'s ("Sprint") Renewed Motion to Reopen Discovery and Extend Time for Filing Dispositive Motion, and Sprint's Motion for Judgment on the Pleadings. For the reasons discussed below, the Court will grant the Motion to Reopen Case, grant in part the Renewed Motion to Reopen Discovery and Extend Time for Filing Dispositive Motion, and grant the Motion for Judgment on the Pleadings.

I. BACKGROUND

This case revolves around Plaintiff's allegation that his former employer, Connected Wireless, Inc. ("Connected Wireless"), discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. According to Plaintiff's Complaint, Plaintiff began work as a sales consultant for Connected Wireless's store in the Provo Towne Centre Mall beginning December 17, 2012.[1] This employment went smoothly for about three months, including bonuses and top salesman commendations, until management created a new

---

[1] *See* Docket No. 37 ¶ 13–14.

requirement that all sales consultants memorize a verbatim script.[2]  Plaintiff's diagnosis of attention deficit hyperactivity disorder ("ADHD") prevented him from being able to do so.[3] Plaintiff requested and was denied accommodation despite providing information about his diagnosis.[4]  Unable to resolve the situation, and sensing increasing hostility toward himself,[5] Plaintiff left his employment on March 19, 2013.[6]

Plaintiff filed a Charge of Discrimination against Connected Wireless with the Equal Employment Opportunity Commission ("EEOC") on August 30, 2013.[7]  On October 19, 2016, Plaintiff received a Notice of Right to Sue from the EEOC.[8]  On January 17, 2017, Plaintiff originally brought suit against Connected Wireless in the Fourth Judicial District Court of Utah County, Spanish Fork Department.[9]  On March 14, 2017, Connected Wireless filed a Notice of Removal, removing to this Court based on federal question jurisdiction.[10]

On August 2, 2018, Plaintiff filed an Amended Complaint, adding new defendants "Sprintcom, Inc, Sprint Corporation, and Does 1-10."[11]  On August 27, 2018, Sprint filed its Answer to Plaintiff's First Amended Complaint.[12]  On February 12, 2019, Connected Wireless

---

[2] *See id.* at ¶¶ 17–21.

[3] *See id.* at ¶¶ 15–16.

[4] *See id.* at ¶¶ 22–58.

[5] *See id.* at ¶¶ 59–80.

[6] *See* Docket No. 72-1, at 2.

[7] *See id.*

[8] Docket No. 37-2.

[9] *See* Docket Nos. 2, at 1; 2-1, at 18.

[10] *See* Docket No. 2, at 2.

[11] *See* Docket No. 37.

[12] Docket No. 46.  In its answer, Sprint notes that Plaintiff's First Amended Complaint improperly names Sprint as Sprintcom, Inc. and Sprint Corporation.

submitted a Notice of Bankruptcy Filing,[13] and the case was stayed as to Connected Wireless the following day.[14] On February 19, 2019, Sprint filed an Emergency Motion to Stay[15] and Emergency Motion to Vacate Trial, Reopen Discovery, and Extend Time for Filing Dispositive Motion.[16] On February 22, 2019, this Court granted Sprint's Emergency Motion to Stay the action in its entirety—no longer just with regard to Connected Wireless—pending resolution of Connected Wireless' bankruptcy proceedings.[17] In this Order, the Court noted that it would later address whether it was appropriate to reopen discovery and extend the dispositive motion deadline once the stay was lifted.[18]

On July 19, 2019, Plaintiff filed a Motion to Reopen Case, as the automatic stay from Connected Wireless' bankruptcy proceedings was lifted on July 1, 2019.[19] On August 2, 2019, Sprint filed a Renewed Motion to Reopen Discovery and Extend Time for Filing Dispositive Motion.[20] On August 23, 2019, Sprint filed a Motion for Judgment on the Pleadings.[21]

## II. STANDARD FOR JUDGMENT ON THE PLEADINGS

Sprint seeks judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[22]

---

[13] Docket No. 56.
[14] *See* Docket No. 57.
[15] Docket No. 58.
[16] Docket No. 60.
[17] *See* Docket No. 62.
[18] *See id.* at 1.
[19] *See* Docket No. 67.
[20] Docket No. 69.
[21] Docket No. 72.
[22] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[23] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[24] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[25] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[26]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[27] As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[28]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[29] the "documents incorporated into the complaint by reference, and

---

[23] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[26] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[27] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[28] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[29] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

matters of which a court may take judicial notice."[30] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[31]

### III. DISCUSSION

#### A. MOTION TO REOPEN CASE

As the stay from bankruptcy court has been lifted, this Court will grant Plaintiff's Motion to Reopen Case.[32] Plaintiff also requests in his motion that the Court set a trial date. The Court finds that this would be premature, given the disposition of this case, and declines to set a trial date at this time.

#### B. RENEWED MOTION TO REOPEN DISCOVERY AND EXTEND TIME FOR FILING DISPOSITIVE MOTION

The Court will grant, in part, Sprint's Renewed Motion to Reopen Discovery and Extend Time for Filing Dispositive Motion. The Court will exercise its discretion, and its authority to control its docket, to grant the motion only with regard to Sprint's present Motion for Judgment on the Pleadings. The Court will not, however, extend the deadline for any further discovery or dispositive motions. Below, the Court includes further reasoning concerning this decision in its discussion about timeliness of the Motion for Judgment on the Pleadings.

#### C. MOTION FOR JUDGMENT ON THE PLEADINGS

Sprint's Motion for Judgment on the Pleadings argues, in relevant part, that Plaintiff has failed to exhaust his administrative remedies with regard to Sprint and that Plaintiff has not

---

[30] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[31] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[32] *See* Docket No. 67.

5

alleged Sprint is his "employer" as required for ADA liability.[33] Sprint also makes other arguments relevant to Plaintiff's claims 3–10.[34] However, Plaintiff concedes that only claims 1–2 apply to Sprint.[35] Plaintiff does not contest the Motion for Judgment on the Pleadings as it pertains to claims 3–10.[36] Therefore, the Court need only examine arguments concerning claims 1–2 here. Plaintiff argues that Sprint's Motion is untimely, that Sprint forfeited by delay any argument that Plaintiff failed to exhaust administrative remedies, and that the Motion should be denied because Plaintiff's complaint based on agency theory is well pled.[37]

1. Timeliness

Plaintiff argues that Sprint's Motion is untimely, as it was made on August 23, 2019, long after the December 7, 2018 deadline for dispositive motions set by the Court.[38] Sprint contends that, as a late-added defendant, it was not represented at the status conference where that deadline was set and did not become aware of the dispositive motion deadline until it had lapsed.[39] Contradicting this assertion, however, Sprint's counsel affirmatively stated on October 11, 2018—two months after the status conference and two months before the dispositive motion deadline lapsed—that they "agree to the existing calendar and schedule for this case."[40]

Sprint's Motion does not comport with the previously entered Scheduling Order. However, strict adherence to the Scheduling Order would irreparably damage both parties'

---

[33] *See* Docket No. 72.

[34] *See id.* at 11–13.

[35] *See* Docket No. 74, at 10.

[36] *See id.*

[37] *See id.* at 3–9.

[38] *See* Docket No. 74, at 3–4.

[39] *See* Docket No. 68, at 3.

[40] Docket No. 48, at 2.

ability to proceed, given the circumstances. If the Court were to enforce the December 7, 2018 dispositive motion deadline, it would also be required to enforce the pretrial disclosures deadline. Under Federal Rule of Civil Procedure 26(a)(3)(B), parties must make pretrial disclosures at least thirty days before trial. With a trial date of March 11, 2019, pretrial disclosures were due by at least thirty days prior to that date—on February 9, 2019. Neither party, however, submitted any such disclosures to the Court. The Court later stayed the case on February 22, 2019, pending resolution of Connected Wireless' bankruptcy proceedings.[41] The deadline for pretrial disclosures, however, lapsed before the Court stayed the case and should have been honored.

According to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[42] Having failed to submit any pretrial disclosures, both parties would likely be prevented from presenting any evidence or witnesses at trial. This would not be in either party's interest. Therefore, the Court—in its discretion and exercising its authority to control its docket—will not hold either party to the Scheduling Order.

2. Exhaustion of Administrative Procedure

Claim 1 alleges discrimination under the ADA against a qualified individual with a disability.[43] Claim 2 alleges retaliation against Plaintiff for invoking rights under the ADA.[44] Regarding these claims, Sprint contends that Plaintiff cannot sue it under the ADA because

---

[41] *See* Docket No. 62.
[42] Fed. R. Civ. P. 37(c)(1).
[43] *See* Docket No. 37 ¶¶ 102–17.
[44] *See id.* at ¶¶ 118–29.

7

Plaintiff failed to exhaust administrative remedies with regard to Sprint.[45] "Title I of the ADA requires a plaintiff to exhaust her administrative remedies before filing suit."[46] "The first step to exhaustion is the filing of a charge of discrimination with the EEOC."[47]

Courts generally impose a "strict requirement that each defendant must have been specifically named as the respondent in the EEOC charge."[48] Sprint is not specifically named in Plaintiff's EEOC submission.[49] In *Romero v. Union Pacific Railroad*, however, the Tenth Circuit recognized a narrow exception to this specific naming requirement where (1) "the defendant was informally referred to in the body of the charge," or (2) "there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of [the discrimination statutes] that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation."[50]

In the present case, Sprint was not informally referred to in the body of the charge,[51] so only the second option is available as a possible exception. To determine this option's applicability, a court must examine the four *Romero* factors below:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has

---

[45] *See* Docket No. 72, at 6–7.

[46] *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007).

[47] *Id.*

[48] *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980).

[49] *See* Docket No. 72-1.

[50] *Romero*, 615 F.2d at 1311.

[51] *See* Docket No. 72-1; *see also* Docket Nos. 37-1, 37-2.

8

in some way represented to the complainant that its relationship with the complainant is to be through the named party.[52]

The Court will examine each factor in turn.

   a. *Whether the Role of Sprint Could be Ascertained*

This factor weighs in Sprint's favor. Plaintiff claims he "was not made aware of the facts giving rise to his agency claim and thus could not have named Sprint at the time he filed his charge, and [Connected Wireless's] consistent stone-walling ensured that [Plaintiff] would never discover the relationship within the statute of limitations."[53] Plaintiff does not discuss what this stonewalling involved or how it "ensured" that Plaintiff would not discover Sprint's relevance to his claim until too late. While he explains that he was "not made aware of" facts underlying his agency claim, he does not address whether such information was readily available before he filed his EEOC claim.

In contrast, Plaintiff alleges that "Connected Wireless sells or sold only Sprint merchandise,"[54] and "Connected Wireless's employees go or went through employee training at Sprintcom locations given by Sprintcom employees or representatives."[55] This suggests Plaintiff, when employed at Connected Wireless, would have been aware of his employer's connection to Sprint.

   b. *Similarity of Interests*

The second factor also weighs in favor of Sprint. In his First Amended Complaint, Plaintiff makes several claims concerning the connection between Sprint and Connected

---

[52] *Romero*, 615 F.2d at 1312 (internal citations and quotation marks omitted).
[53] Docket No. 74, at 7.
[54] Docket No. 37 ¶ 92.
[55] *Id.* at ¶ 93.

9

Wireless.[56] He claims that "Connected Wireless is the general or other agent of Sprintcom," "Connected Wireless acts on Sprintcom's behalf, its actions are subject to Spintcom's control, and Connected Wireless has assented to the agency relationship,"[57] "Connected Wireless is a subagent of Sprint,"[58] "Sprint and Sprintcom substantially controlled Connected Wireless's activities, training, and business practices,"[59] "Sprint is vicariously liable for Connected Wireless's actions,"[60] and "Sprint and Sprintcom are jointly and severally liable for Connected Wireless's actions and for each prayer for relief in this action."[61] As noted above, in a motion for judgment on the pleadings, a court must view all well-pleaded factual allegations in the light most favorable to the non-moving party—here, the Plaintiff.[62] However, well-pleaded factual allegations must be distinguished from conclusory statements,[63] which is what the Plaintiff provides above. To support his claims, Plaintiff provides only that "Connected Wireless sells or sold only Sprint merchandise,"[64] and "Connected Wireless's employees go or went through employee training at Sprintcom locations given by Sprintcom employees or representatives."[65] Even with the Court taking these allegations as true, they are insufficient to show that Sprint's interests are so similar to those of Connected Wireless, for the purpose of obtaining voluntary

---

[56] *See id.* at ¶¶ 89–99.
[57] *Id.* at ¶ 94.
[58] *Id.* at ¶ 95.
[59] *Id.* at ¶ 96.
[60] *Id.* at ¶ 97–98.
[61] *Id.* at ¶ 99.
[62] *See GFF Corp.*, 130 F.3d at 1384.
[63] *See id.*
[64] Docket No. 37 ¶ 92.
[65] *Id.* at ¶ 93.

10

conciliation and compliance, that it would be unnecessary to include Sprint in the EEOC proceedings.

In a similar case, *Bowles v. Grant Trucking, LLC*, this Court recently found that two parties' interests were not sufficiently similar under the *Romero* factors where the unnamed party could have raised defenses at the EEOC stage that were not available to the other party.[66] Here, Sprint suggests in its Motion that it is not liable to Plaintiff under the ADA because, as a company one step removed from Plaintiff, it is not and was not Plaintiff's "employer."[67] Sprint would likely have argued this defense at the EEOC stage, given the opportunity. This differs from defenses available to the named defendant and direct employer, Connected Wireless.

In *Buffi v. Sinclair Oil Co.*, this Court previously found that two parties' interests were sufficiently similar under the *Romero* factors where they were part of the same company.[68] The company was the named party, and the unnamed party was an employee whose conduct in an official capacity perpetuated the EEOC claim.[69] The Court found that the two parties' interests were sufficiently similar under the *Romero* factors, because "the two parties rise or fall together," the company would have had to speak with the employee to understand the conflict, and failure to name the employee "would not have affected the potential for resolution of Plaintiff's claims via voluntary conciliation."[70] The present case deals with two separate companies with distinct defenses and is more similar to *Bowles* than *Buffi*.

---

[66] *See Bowles v. Grant Trucking, LLC*, No. 1:16-CV-123-DB, 2018 WL 1033206 at *4 (D. Utah Feb. 22, 2018).

[67] *See* Docket No. 72, at 7–11.

[68] *See Buffi v. Sinclair Oil Co.*, No. 2:12-CV-92-TS, 2012 WL 2886705, at *4 (D. Utah July 13, 2012).

[69] *See id.*

[70] *See id.*

c. *Actual Prejudice*

While neither party addresses the third factor head-on, this factor nonetheless favors Sprint. Sprint suggests it was prejudiced by not being able to participate in the EEOC proceedings. It asserts,

> [n]othing in the EEOC charge and other documents would create a reasonable expectation that a discrimination claim was being (or would later be) asserted *against Sprint*. Further, there is no allegation in the [First Amended Complaint] (or evidence) that Sprint ever received notice of the charge or [was] provided an opportunity to respond to said allegations or conciliate the claims before the EEOC.[71]

In addition, as noted above, Sprint's Motion includes the defense that it is not an "employer" to the Plaintiff for ADA purposes.[72] Sprint did not have the opportunity to raise this defense at the EEOC proceedings, which supports the notion that it was prejudiced by not being named at that stage.

Plaintiff contends only that "Sprint was put on constructive notice when its agent [Connected Wireless] was given actual notice of the charge and refused to satisfactorily respond."[73] He does not provide any factual support for this claim of constructive notice. Nor does Plaintiff offer any other information to show that Sprint has not faced actual prejudice as an unnamed party in the EEOC proceedings. The individual charge-filing requirement for employment discrimination claims is "intended to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims."[74] As such, Sprint's assertion that it had no such notice—

---

[71] Docket No. 72, at 7.

[72] *See id.* at 7–11.

[73] Docket No. 74, at 7.

[74] *Foster v. Ruhrpumpen, Inc.*, 365 F. 3d 1191, 1195 (10th Cir. 2004).

and the lack of any factual assertions to the contrary from Plaintiff—tilts this factor in Sprint's favor.

   d.  *Representations by Sprint to Plaintiff Regarding Connected Wireless*

Plaintiff does not claim Sprint made any representations to him that its relationship with the Plaintiff was to be through Connected Wireless.[75]  Neither is there evidence of any such representation in either party's pleadings.  Therefore, this factor weighs in favor of Sprint.

Each of the *Romero* factors weighs in Sprint's favor.  Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies with respect to Sprint.

   3.  <u>Forfeiture of Charge-Filing Requirement</u>

Earlier this year, the Supreme Court held that Title VII's charge-filing provision is not a jurisdictional requirement but rather a mandatory processing rule.[76]  The requirements for filing a charge with the EEOC under the ADA are the same as those under Title VII.[77]  Importantly, this means that, unlike a jurisdictional requirement, this charge-filing requirement can be waived.[78]  Therefore, it "must be timely raised to come into play."[79]  Plaintiff correctly points this out, and then claims that Sprint forfeited any objection to charge-filing requirements by not raising the issue "promptly."[80]  Plaintiff, however, offers no discussion concerning what constitutes "prompt" assertion of the defense.  The Supreme Court and Tenth Circuit have found, on a number of occasions, that parties forfeited their defense under a claim-processing rule

---

[75] *See* Docket No. 37 ¶¶ 89–99.  Plaintiff makes no reference to Sprint in the allegations of his First Amended Complaint outside these pages.

[76] *See Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1850–51 (2019).

[77] *See* 29 C.F.R. § 1601.6 (2009), *et seq.*

[78] *See Fort Bend Cty.*, 139 S. Ct. at 1846.

[79] *Id.*

[80] *See* Docket No. 74, at 6.

through tardiness.[81] However, these cases involve parties that waited to assert such a defense until *after* the court reached the merits of the case.[82] In the present case, this Court has not yet reached the merits. Moreover, Sprint raised the failure to exhaust in its Answer as an affirmative defense, and that defense was the subject of prior motion practice.[83] Therefore, the Court does not find that Sprint has forfeited its right to invoke the charge-filing rule in its defense.

4. Conversion from Rule 12(c) to Rule 56 Motion

Plaintiff contends that Sprint's Motion impermissibly introduces information beyond the pleadings and must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56.[84] The documents that are "beyond the pleadings," according to Plaintiff, consist of "an affidavit and a copy of the discrimination charge."[85] However, as stated above, the Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[86] The charge of discrimination presented here is a copy of Plaintiff's charge filed with the Utah Anti-Discrimination & Labor Division and the EEOC on August 30, 2013.[87] The Court's review of

---

[81] *See Eberhart v. United States*, 546 U.S. 12, 19 (2008) (finding that government forfeited its defense of untimeliness by failing to raise it until after district court reached the merits); *Kontrick v. Ryan*, 540 U.S. 443, 456–60 (2004) (finding that debtor forfeited the argument of untimeliness where he first raised it on motion for reconsideration and on appeal, having failed to raise it before court resolved matter on merits); *Huerta v. Gonzales*, 443 F.3d 753, 755–56 (10th Cir. 2008) (finding that government waived argument that petitioner's claims were untimely by not raising them until after Board of Immigration Appeals had addressed claims on the merits).

[82] *See Eberhart*, 546 U.S. at 19; *Kontrick*, 540 U.S. at 456–60; *Huerta*, 443 F.3d at 755–56.

[83] *See* Docket Nos. 46, 60.

[84] *See* Docket No. 74, at 4–5.

[85] *Id.* at 4.

[86] *Jacobsen*, 287 F.3d at 941.

[87] *See* Docket No. 72-1.

the charge of discrimination does not necessitate converting the Motion into a Rule 56 motion. This is because the charge was referred to in the complaint,[88] the fact that a requisite charge was filed with the EEOC before Plaintiff initiated the present litigation is central to the Plaintiff's claim, and neither party disputes this document's authenticity.[89]

The affidavit in question is an affidavit by Mr. Ethan D. Thomas, counsel for Sprint, declaring that the charge of discrimination is a true and correct copy of the charge that Plaintiff filed against Connected Wireless and later provided to counsel's office on January 29, 2019.[90] However, neither party has contested the authenticity of the charge of discrimination. As a result, the Court does not require evidence of its authenticity and need not consider this document to render its decision. Therefore, again, there is no need to convert the Rule 12(c) motion into a motion under Rule 56.

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Reopen Case (Docket No. 67) is GRANTED.

ORDERED that Sprint's Renewed Motion to Reopen Discovery and Extend Time for Filing Dispositive Motion (Docket No. 69) is GRANTED IN PART, as set forth above.

ORDERED that Sprint's Motion for Judgment on the Pleadings (Docket No. 72) is GRANTED.

DATED this 29th day of October 2019.

---

[88] *See* Docket No. 37 ¶ 81.

[89] *Jacobsen*, 287 F.3d at 941.

[90] *See* Docket No. 72-2.

BY THE COURT:

_____
Ted Stewart
United States District Judge