# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RYAN HART,<br><br>                Plaintiff,<br><br>v.<br><br>CONNECTED WIRELESS, INC. et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br><br>Case No. 2:17-CV-186-TS<br><br>District Judge Ted Stewart |

## I. BACKGROUND

- January 17, 2017     Complaint filed, alleging Defendant Connected Wireless, Inc. ("Connected Wireless") discriminated against Plaintiff in violation of the Americans with Disabilities Act and the Utah Antidiscrimination Act.[1]

- March 14, 2017     Notice of Removal filed, removing case to this Court based on federal question jurisdiction.[2]

- April 4, 2017     Answer filed by Connected Wireless.[3]

- January 18, 2018     Plaintiff and Connected Wireless attended settlement conference and were unable to reach settlement.[4]

- March 14, 2018     Motion to withdraw filed by attorney Liesel B. Stevens, counsel for Connected Wireless.[5]

- March 15, 2018     Order granting Connected Wireless counsel's motion to withdraw,[6] ordering Connected Wireless to "file a notice of appearance within

---

[1] *See* Docket No. 2-1.

[2] Docket No. 2.

[3] Docket No. 11.

[4] Docket No. 25.

[5] Docket No. 26.

[6] Docket No. 27.

| | |
|---|---|
| | twenty-one (21) days after entry of the order, unless otherwise ordered by the Court" and warning that failure to do so could result in "sanctions pursuant to Federal Rules of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[7] |
| • May 8, 2018 | Motion for default judgment as to Connected Wireless filed by Plaintiff,[8] arguing for default judgment on the grounds that after Connected Wireless' counsel withdrew on March 15, 2018, "[i]n the subsequent 54 days, Defendant apparently has failed to retain new counsel, failed to direct new counsel to make an appearance, and/or failed to take any action to defend against this lawsuit."[9] |
| • May 23, 2018 | Notice of appearance filed by counsel W. Earl Webster and James E. Howard on behalf of Connected Wireless.[10] Connected Wireless did not respond to Plaintiff's motion for default judgment. |
| • June 6, 2018 | Order denying motion for default judgment,[11] finding that "entering default judgment is not appropriate at this time" under Rule 55(a) as Connected Wireless had participated in early stages of litigation proceedings and relevant factors weighed against granting default.[12] However, the Court also noted that "default judgment may be entered as a sanction against Defendant for its failure to comply with Court orders."[13] |
| • August 2, 2018 | Amended Complaint filed, adding Sprintcom, Inc, Sprint Corporation, and Does 1-10 as defendants.[14] |
| • August 7, 2018 | Status Conference held, setting deadlines: discovery due by November 7, 2018, dispositive motions due by December 7, 2018, final pretrial conference set for February 25, 2019, and 4-day jury trial set to begin March 11, 2019.[15] |

---

[7] *Id.* at 1.

[8] Docket No. 28.

[9] *Id.* at 4.

[10] Docket Nos. 29, 30.

[11] Docket No. 31.

[12] *Id.* at 2–3.

[13] *Id.* at 2.

[14] Docket No. 37.

[15] Docket No. 40.

- August 24, 2018     Answer to Amended Complaint filed by Connected Wireless.[16]

- January 14, 2019     Trial Order with instructions to counsel reiterating schedule for final pretrial conference and jury trial.[17]

- February 12, 2019     Notice of bankruptcy filing by Connected Wireless.[18]

- February 13, 2019     Case stayed as to Defendant Connected Wireless per Notice of Bankruptcy.[19]

- May 28, 2019     Motions to withdraw as attorney filed by Connected Wireless counsel James E. Howard and W. Earl Webster.[20] Both motions indicate they are made with Connected Wireless' consent and note that "[i]n the event this motion is granted, Client or new counsel for Client must file a notice of appearance within twenty-one (21) days after entry of the order, unless otherwise ordered by the court."[21] Motions also note that "Defendant has ceased operations and its corporate entity has been dissolved by the Utah Division of Corporations and Commercial Code. As such, Defendant is unable to continue participating in this matter," signed by Connected Wireless President Anthony Morrison.[22]

- June 10, 2019     Order granting Defendant Connected Wireless' motion for attorneys James E. Howard and W. Earl Webster to withdraw as counsel.[23] Order reiterates that "[n]ew counsel shall file a Notice of Appearance on behalf of any corporation, association, partnership or other artificial entity whose attorney has withdrawn" and that "[a] party who fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above, may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[24]

---

[16] Docket No. 45.

[17] Docket No. 52.

[18] Docket No. 56.

[19] Docket No. 57.

[20] Docket Nos. 64, 65.

[21] Docket Nos. 64, at 1–2, 65, at 1–2.

[22] Docket Nos. 64-1, 65-1.

[23] Docket No. 66.

[24] *Id.* at 1.

- August 19, 2019     Plaintiff filed motion to appoint counsel, requesting that Connected Wireless be ordered to appoint new counsel.[25] Motion notes that the Bankruptcy Court ordered the automatic stay lifted for this case on July 1, 2019, and that 47 days after the stay was lifted and 68 days after this Court granted the motion for withdrawal of counsel, Connected Wireless had not yet complied with the requirement to appoint new counsel.[26] Motion also includes attached email correspondence with Connected Wireless President Anthony Morrison, in which Mr. Morrison declines to participate in mediation, stating that "Since Connected Wireless is a defunct company mediation would be a waste of everyone's time."[27]

- September 24, 2019     Memorandum decision and order, ordering Connected Wireless to "appoint counsel to represent it in this matter within fifteen (15) days of issuance of this Order" and noting that "[i]f Connected Wireless fails to meet this deadline, the Court may impose sanctions including but not limited to dismissal or default judgment."[28]

- October 24, 2019     Plaintiff filed Motion for Default Judgment, requesting default judgment entered against Connected Wireless and a court order enabling Plaintiff to pursue assets of Does 1-10, who allegedly purchased assets from Connected Wireless.[29]

This matter is before the Court on Plaintiff's Motion for Default Judgment ("Motion"). Plaintiff's Motion seeks default judgment against Connected Wireless and a court order empowering him to pursue assets of Does 1-10, who allegedly purchased assets from Connected Wireless rendering it insolvent. The Court has not heard from Connected Wireless since the company's counsel submitted its May 28, 2019 motions for withdrawal. For the reasons discussed below, the Court will grant the Motion in part, as to Connected Wireless only.

---

[25] Docket No. 71.

[26] *Id.* at 2.

[27] Docket No. 71-1.

[28] Docket No. 76.

[29] Docket No. 80.

4

## II. DISCUSSION

### A. DEFAULT AS TO CONNECTED WIRELESS

Plaintiff moves for default judgment as a result of Connected Wireless' failure to comply with the Court's Order. Federal Rule of Civil Procedure 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."[30] Rule 37(b)(2)(A) referenced in Rule 16(f)(1)(c) provides for sanctions including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[31]

When determining the proper sanction, a court must consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[32]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[33]

---

[30] FED. R. CIV. P. 16(f)(1)(c).

[31] FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii).

[32] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[33] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.3d 1394, 1396 (10th Cir. 1988)).

"Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction."[34] Furthermore, the *Ehrenhaus* factors listed above are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction."[35] The Court considers each factor below.

1. *Degree of actual prejudice to Plaintiff.*

The Court finds that Plaintiff has been prejudiced by Connected Wireless' failure to appear and properly participate in this action. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[36] Plaintiff has faced many delays since filing his Complaint against Connected Wireless on January 17, 2017. Connected Wireless' failure to appoint new counsel after the Court so ordered on September 24, 2019, represents the most recent in a string of

---

[34] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

[35] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[36] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that "delay would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

delays. These delays have certainly hampered Plaintiff's ability to obtain resolution to his Complaint, and this factor weighs in favor of default judgment.

   2. *Amount of interference with the judicial process.*

The Court finds that Connected Wireless' actions have interfered with the judicial process, effectively halting its ability to proceed with regard to this Defendant. Not only has Connected Wireless failed to appoint counsel, it has failed to respond to the Court's Order that it do so in any way. Connected Wireless' most recent interactions with this Court and with Plaintiff clearly suggest that it has no intention to participate any further in this matter.[37] This factor, therefore, also weighs in favor of default judgment.

   3. *Litigant's culpability.*

Connected Wireless' culpability is evident in its failure to respond to the Court despite court order and multiple warnings. The Tenth Circuit has articulated that while dismissal and default judgment are "drastic sanction[s], [they are] appropriate in cases of willful misconduct."[38] It has further defined a "'willful failure' to mean 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"[39] As

---

[37] *See* Doc. No. 71-1 (email exchange between Plaintiff's counsel and Connected Wireless President Anthony Morrison, dated August 12, 2019, in which Mr. Morrison declines to participate in mediation, stating that "Since Connected Wireless is a defunct company mediation would be a waste of everyone's time."); Doc. Nos. 64-1, 65-1 (motions for attorneys to withdraw as counsel for Connected Wireless, filed May 28, 2019, with attached Notice of Termination of Counsel stating that "Defendant has ceased operations and its corporate entity has been dissolved by the Utah Division of Corporations and Commercial Code. As such, Defendant is unable to continue participating in this matter.")

[38] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus,* 965 F.2d at 920).

[39] *Id.* (quoting *Sheftelman v. Standard Metals Corp.,* 817 F.2d 625, 628–29 (10th Cir. 1987).

noted above, Connected Wireless first failed to obey this Court's March 15, 2018 order to appoint counsel within twenty-one days.[40] Connected Wireless finally appointed counsel on May 23, 2018,[41] some 49 days after the deadline for doing so, and the Court denied Plaintiff's motion for default judgment.[42] Connected Wireless has again failed to appoint counsel after this Court ordered it to do so within fifteen days of September 24, 2019.[43] It has not responded to the Court's Order in any way. The Court finds that these are intentional failures. This factor weighs in favor of default judgment.

> 4. *Whether Court warned noncomplying litigant that default judgment was likely sanction.*

The Court has provided abundant warnings to Connected Wireless that its failure to obey the Court's orders may result in default judgment. Connected Wireless was first so warned on March 15, 2018, when the Court ordered it to appoint counsel, explaining that failure to do so could result in "sanctions pursuant to the Federal Rules of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[44] Connected Wireless belatedly complied with this Order, and it was certainly on notice of what might occur should it again commit such an omission. The Court reiterated this warning in its June 6, 2018 Order denying default judgment, noting that "default judgment may be entered as a sanction against Defendant for its failure to comply with Court orders," although "entering default judgment is not appropriate *at this*

---

[40] *See* Docket No. 27.

[41] *See* Docket Nos. 29, 30.

[42] *See* Docket No. 31.

[43] *See* Docket No. 76.

[44] Docket No. 27, at 1.

8

*time*."[45] On June 10, 2019, the Court granted Connected Wireless' motion for withdrawal of counsel, noting that failure to appoint new counsel within twenty-one days could result in sanctions "including but not limited to dismissal or default judgment."[46] Finally, in its September 24, 2019 order to appoint counsel within fifteen days, the Court explicitly stated that "[i]f Connected Wireless fails to meet this deadline, the Court may impose sanctions including but not limited to dismissal or default judgment."[47] This factor weighs heavily in favor of default judgment.

   5. *Efficacy of lesser sanctions.*

The Court finds that any lesser sanctions would be inadequate. Connected Wireless has failed to respond or participate in this litigation in any way since its counsel filed motions to withdraw on May 28, 2019, and there is no indication that it intends to do so. As described in detail, Connected Wireless has had numerous opportunities to comply with the Court's Order or supply a response, and it has received ample warning of the consequence of inaction. This factor, again, weighs in favor of default judgment.

Considering all the factors above, the Court finds that default judgment is appropriate as to Connected Wireless.

   B. DEFAULT AS TO DOES 1-10

In addition to default judgment against Connected Wireless, Plaintiff seeks a court order enabling him to pursue assets from Does 1-10. Plaintiff alleges that Connected Wireless

---

[45] Docket No. 31, at 2–3 (emphasis added).

[46] Docket No. 66, at 1.

[47] Docket No. 76, at 2.

wrongfully sold assets to Does 1-10, rendering Connected Wireless insolvent and judgment proof. Does 1-10, however, are *not* named parties who have been served or participated in these litigation proceedings in any way. Rule 4(k) provides that:

> Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located; who is a party joined under Rule 15 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or when authorized by federal statute.[48]

This Court lacks sufficient information to establish jurisdiction over the unnamed "Doe" defendants. Upon discovery of their identities, Plaintiff may seek leave to amend his Complaint to include specified defendants. However, as Does 1-10 are not properly before the Court at this time, the Court cannot render judgment against them.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 80) is GRANTED IN PART, as to judgment against Connected Wireless. The Court will enter judgment by separate order and set this matter for a hearing to determine damages.

DATED   October 29, 2019

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[48] FED. R. CIV. P. 4(k).